**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4599

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

REGINALD DAUSHAWN EARL TATE, a/k/a Shawn, a/k/a Booman,

Defendant - Appellant.

No. 17-4600

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

REGINALD DAUSHAWN EARL TATE, a/k/a Shawn, a/k/a Booman,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cr-00074-MOC-DSC-1; 3:10-cr-00180-MOC-1)

Submitted:  September 12, 2022                Decided:  September 15, 2022

---

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

No. 17-4599, dismissed in part and affirmed in part; No. 17-4600, affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Charles R. Brewer, Asheville, North Carolina, for Appellant. Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated cases, Reginald Daushawn Earl Tate appeals from the criminal judgment imposed after he pled guilty, pursuant to a plea agreement, to three counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and was sentenced to 181 months in prison (Appeal No. 17-4599). Tate also appeals from the judgment imposed after he was found guilty of and sentenced to six months in prison for violating the terms of his previously imposed supervised release (Appeal No. 17-4600).

Tate raises several arguments on appeal, including asserting that: (1) the sentence imposed on his § 924(c) conviction is invalid because he only plead guilty to conspiracy to commit Hobbs Act robbery; (2) the district court violated his due process rights when it sentenced him on what Tate classifies as "non-existent" supervised release violations; and (3) counsel rendered ineffective assistance during the district court proceedings. The Government has responded, invoking the appellate waiver in Tate's plea agreement. After considering the parties' arguments, we dismiss in part and affirm in part in Appeal No. 17-4599, and affirm in Appeal No. 17-4600.

We first find that Tate's challenges to his convictions and sentence in Appeal No. 17-4599 are barred by the appellate waiver. Notably, the record establishes that Tate knowingly and intelligently waived his right to appeal his convictions and sentence; the language of the appellate waiver and plea agreement is clear and unmistakable and Tate acknowledged his familiarity with and understanding of the waiver at his Fed. R. Crim. P.

11 hearing. Accordingly, we must enforce the appellate waiver's terms and dismiss Appeal No. 17-4599, in part. *See United States v. Blick*, 408 F.3d 162, 168-70 (4th Cir. 2005).

We nonetheless find that Tate's ineffective assistance of counsel claims, which challenge both appealed-from judgments and are not barred by the appellate waiver in Appeal No. 17-4599, are not cognizable on appeal. Ineffective assistance of counsel claims are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. *See United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006). To establish an ineffective assistance of counsel claim, a defendant must show that his counsel erred and then prove that, but for counsel's error, the outcome of his proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Having considered Tate's arguments in conjunction with the record on appeal, we conclude that ineffective assistance does not conclusively appear on the record. Tate's ineffective assistance of counsel claims should therefore be raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

Also not barred by the appellate waiver is Tate's argument pertaining to the validity of his supervised release sentence in Appeal No. 17-4600. We nonetheless find Tate's argument to be meritless. Namely, Tate asserts that the sentence the district court imposed after it revoked his supervised release violates his due process rights. Tate offers no legal or factual support for this argument, however. And, contrary to Tate's assertion, the March 10, 2016, addendum to the revocation petition—which was filed in the district court proceedings in which the supervised release was imposed—clearly contains the violations Tate claims were "non-existent." Moreover, Tate agreed to the factual basis supporting the

4

violations at his Rule 11 hearing, the undisputed portions of Tate's presentence report establish that he committed the violations underlying the now-disputed charges, and counsel unequivocally informed the sentencing court that Tate admitted the "non-existent" violations. We therefore affirm the district court's judgment in Appeal No. 17-4600.

Based on the foregoing, we dismiss in part and affirm in part in Appeal No. 17-4599, and affirm in Appeal No. 17-4600. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 17-4599, DISMISSED IN PART AND AFFIRMED IN PART;*
*No. 17-4600 , AFFIRMED*